# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

**SHERON ALLEN,**

      **Plaintiff**

v.                                                                   CA. NO. 21-10890

**CITIZENS BANK, N.A.,**

      **Defendant**

## FIRST AMENDED COMPLAINT

### INTRODUCTION

This is an action for actual, statutory and multiple damages, costs and attorney's fees brought by the plaintiff, Sheron Allen, for violation of the federal and state Electronic Funds Transfer Acts ("EFTA"), 15 U.S.C. §1693 *et seq.* and M.G.L. c. 167B, and M.G.L. c. 93A.

### JURISDICTION

1. The jurisdiction of this Court is conferred by 15 U.S.C. §1693m(g) and 28 U.S.C. §1331 and supplemental jurisdiction pursuant to 28 U.S.C. §1367. Venue is proper as all relevant events occurred in this District.

### PARTIES

2. Plaintiff, Sheron Allen, is a natural person and resident of the State of Massachusetts who had or has one or more checking accounts with Citizens Bank, N.A.

3. Defendant Citizens Bank, N.A. ("Citizens") is a national bank doing business in Massachusetts.

### FACTS

4. Ms. Allen is an innocent victim of debit card fraud.

5. On June 3, 2020 someone deposited a fraudulent check into her checking account, xxxxxx7586 in the amount of $2,653.00 at an ATM in a Stop and Shop in Brockton, MA.

6. That same day a withdrawal was made for $280.00 from the same ATM.

7. Ms. Allen did not deposit this check or make this withdrawal.

8. As these funds were initially made available by Citizens, the thief went on to make a series of ATM withdrawals on Ms. Allen's checking account using a debit card from June 3 -12.

9. Ms. Allen did not make, authorize or obtain any benefit from these ATM withdrawals which totaled more than $2,500.00.

10. Ms. Allen did not lose her debit card or have it stolen and does not know how the thief got access to her information.

11. Unauthorized withdrawals were made at ATMs on June 3, 4, 8, 9, 11, and 12. Multiple withdrawals were made on each day at different ATM machines in the Boston area.

12. On June 8, 2020 alone there were 26 withdrawals, most for $50.

13. When Ms. Allen received her June statement she immediately contacted Citizens to dispute the fraudulent ATM withdrawals.

14. Once she learned of the fraudulent check she disputed making that deposit.

15. On July 23, 2020 Citizens sent her a letter stating that its investigation was complete and it had concluded that no error occurred because "ATM Photos/Video confirm customer performed transaction." The letter went on to inform Ms. Allen that if she would like copies of the documents relied upon she should contact Citizens.

16. Over the next few months Ms. Allen contacted Citizens multiple times and went into her local branch to reiterate her dispute.

17. She repeatedly requested copies of the documents relied upon including the photos/videos Citizens allegedly had of her but was told that Citizens would not provide those to her.

18. On August 12, 2020, Ms. Allen filed a police report and provided this to Citizens.

19. She was told various things by various representatives: that her account had been "cloned," that the video at the ATM showed someone in a hat (which she never wears), and that she had to wait for an investigator to contact her, which never happened.

20. Citizens repeatedly denied her dispute and refused to provide copies of the photos/videos Citizens allegedly had of her or any other documents.

21. In September Citizens informed her that the fraudulent check from June had been reversed and assessed her returned check and overdraft fees. This combined with the fraudulent ATM withdrawals pushed her account into negative territory.

22. In a letter dated October 6, 2020 Citizens once again denied her dispute but did rebate $50 in fees.

23. Ms. Allen eventually had an attorney write a letter on her behalf to Citizens reiterating her dispute and requesting copies of the photos/videos Citizens allegedly had of her.

24. Citizens did not respond to this letter.

25. Citizens began sending Ms. Allen collection letters regarding her overdrawn account.

26. In September Citizens closed two other unrelated accounts Ms. Allen had, xxxx5808 and xxxxx6005 and used over $1,000 in funds in those accounts to offset the alleged overdraft in her primary checking account.

27. Citizens then sent Ms. Allen more collection letters and then sent the remaining balance of $998.30 to a debt collector, Associated Credit Services Inc., which has repeatedly dunned Ms. Allen for the funds.

28. Citizens reported Ms. Allen to ChexSystems, a credit reporting agency for bank accounts, for "Account Abuse" and reported her account as an unpaid charge-off. Citizens did not note Ms. Allen's ongoing dispute in its report to ChexSystems.

29. On May 13, 2021 Ms. Allen wrote to Citizens again, through counsel, to reiterate her dispute of the June 3 and 4 transactions.

30. Citizens failed to investigate or credit her account within ten days.

31. Citizens repeatedly failed to perform a good faith investigation of Ms. Allen's claims of fraud and concluded that Ms. Allen's account was not in error when such a conclusion could not reasonably have been drawn from the information available at the time.

32. Citizens repeatedly failed and refused to provide Ms. Allen with copies of the documents it used in its investigation on multiple occasions.

33. Citizens' actions were knowing and willful.

34. As a result of the actions of Citizens, Ms. Allen had funds from two unrelated Citizens accounts seized without basis causing financial hardship, has never received a refund of the unauthorized withdrawals, has been subject to months of debt collection attempts from both Citizens and the debt collector it hired, has had inaccurate credit reports made to ChexSystems, has had to devote a great deal of time to repeatedly conveying the same disputes to Citizens, has suffered anxiety and frustration, has incurred attorneys' fees and has been damaged as a result of these practices.

35. On May 6, 2021, Ms. Allen made a demand upon Citizens pursuant to M.G.L. c. 93A, §9.

36. Citizens received the demand but failed to respond.

### COUNT ONE: VIOLATION OF THE FEDERAL AND STATE ELECTRONIC FUNDS TRANSFER ACTS ("EFTA") 15 U.S.C. §1693 *et seq.* and M.G.L. c. 167B

37. The Plaintiff realleges and incorporates the preceding paragraphs as if fully set out herein.

38. As set forth above, Ms. Allen gave Citizens timely notice of unauthorized electronic fund transfers from her account.

39. Ms. Allen has no liability for these transfers. 15 U.S.C. §1693f; M.G.L. c. 167B, §18(a) and (d).

40. Ms. Allen did not lose her debit card and it was not stolen.

41. Because a lost or stolen access device was not involved, EFTA imposes no liability for unauthorized electronic fund transfers appearing on a periodic statement within sixty days of Citizens' transmittal of the statement to Ms. Allen. 15 U.S.C. §1693f; 12 C.F.R. §1005.6(b)(3).

42. All the disputed transfers occurred within sixty days of Citizens' transmittal of statements.

43. Ms. Allen has no liability for these transfers.

44. Citizens held her liable for the full amount of the unauthorized transfers and failed to limit her liability as required by EFTA.

45. Citizens failed to perform a good faith investigation of Ms. Allen's claims of fraud.

46. Citizens failed to provide Ms. Allen with copies of its records from the investigation upon repeated request.

47. Citizens knowingly and willfully concluded that Ms. Allen's account was not in error when such a conclusion could not reasonably have been drawn from the information available at the time. 15 U.S.C. §1693f(e); M.G.L. c. 167B, §17.

48. As a result, Plaintiff incurred damage.

49. Pursuant to EFTA, Citizens is liable for treble damages as a result. *Id*.

50. Plaintiff has suffered a concrete injury in fact that is directly traceable to Citizens' conduct and is likely to be redressed by a favorable decision in this action.

51. Plaintiff is entitled to recover actual damages, statutory damages, treble damages, costs and attorney's fees from Citizens in an amount to be determined by the Court pursuant to 15 U.S.C. §§1693f(e) and 1693m and M.G.L. c. 167B, §§17 and 20.

## COUNT TWO: VIOLATION OF M.G.L. c. 93A

52. Plaintiff restates and realleges the allegations contained in the foregoing paragraphs as if fully set forth herein.

53. As detailed above, Citizens has violated M.G.L. c. 93A, §2.

54. As set forth above, the conduct of Citizens occurred in trade or commerce.

55. As set forth above, the conduct of Citizens was unfair and/or deceptive.

56. The conduct of Citizens was willful or knowing within the meaning of M.G.L. c. 93A, §9.

57. Plaintiff has suffered damages as a result of Citizens' conduct as set forth above.

58. Citizens' refusal to grant relief upon demand was in bad faith, with knowledge or reason to know that the acts or practices complained of violated c. 93A, §2.

59. As a result of the above violations of state law, Citizens is liable to Plaintiff in the sum of her actual damages, doubled or trebled, statutory damages, and attorney's fees and costs.

WHEREFORE, Plaintiff demands judgment for actual, statutory, and treble damages against Citizens; for her attorneys' fees and costs; for pre-judgment and post-judgment interest at the legal rate, and such other relief the Court does deem just, equitable and proper.

**TRIAL BY JURY IS DEMANDED**.

Respectfully submitted,

**Sheron Allen,**
By her attorney:

/s/Elizabeth A. Miller
Elizabeth A. Miller
BBO #559347
176 Federal Street
5th Floor
Boston, MA 02110
617-478-4914
elizabethamiller@comcast.net

Date: June 22, 2021

## Certificate of Service

I, Elizabeth A. Miller, hereby certify that this document, filed through the ECF system, will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to any non-registered participants by electronic mail on June 22, 2021.

/s/Elizabeth A. Miller
Elizabeth A. Miller